IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAM KHOLI ENTERPRISES, INC., *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-11-3577 |
| COMSYS SERVICES, LLC, *et al.*, Defendants. | § § § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss Second Claim of Plaintiffs' Amended Complaint ("Motion") [Doc. # 34] filed by Defendant Comsys Services, LLC ("Comsys"), to which Plaintiffs Sam Kholi Enterprises, Inc. ("SKE") and Payrolling.com Corp. ("Payrolling") filed a Response [Doc. # 36], and Comsys filed a Reply [Doc. # 38]. Having reviewed the record and applicable legal authorities, the Court **grants** the Motion and dismisses the Second Claim of Plaintiffs' First Amended Complaint as against Comsys.

### I.   BACKGROUND

SKE is a corporation that does business as Payrolling.com. SKE, through Payrolling, provides payroll, human resources, recruiting and other personnel services. Comsys is an information technology staffing company. Innovative Logistics Support Services Corp. ("ILSS") is identified in the First Amended Complaint ("Complaint")

[Doc. # 33] as "a third-party resource company that assists individuals, corporations, and the government in lowering their break-even point and eliminating a large portion of overhead." *See* Complaint, ¶ 7.

Payrolling entered into a Supplier Participation Agreement ("Comsys Agreement") with Comsys. *See* Comsys Agreement, Exh. A to Complaint. Pursuant to the Comsys Agreement, BMC Software, Inc. ("BMC") would submit to Comsys requisitions for temporary employees. Comsys would then submit work orders to Payrolling for it to provide employees who would in turn be provided through Comsys to perform work for BMC. Comsys would pay Payrolling on BMC's behalf.

Subsequently, BMC entered into a contract with ILSS for ILSS to provide "consulting, development, support and/or other employees or subcontractors" to BMC. *See* Master Services Agreement for Vendor-Provided Services ("ILSS Agreement"), Exh. B to Complaint, ¶ 7.1. An Addendum to the ILSS Agreement provided the BMC would use Comsys to administer the process of obtaining temporary personnel. *See* Addendum, Exh. C to Complaint, ¶ 1.1. Payrolling had an agreement with ILSS for Payrolling to provide payroll services for ILSS. *See* General Payrolling Agreement, Exh. D to Complaint.

Plaintiffs allege in their First Claim that they provided employees for BMC through Comsys and/or ILSS, and that Defendants failed to pay the amounts charged

for those employees. Plaintiffs allege in the First Claim also that ILSS requested and received refunds from SKE that were not justified.

As part of their Second Claim, Plaintiffs allege that Comsys mis-classified BMC employees as independent contractors. Comsys seeks dismissal of this "misclassification" claim against it.[1] The Motion has been fully briefed and is ripe for decision.

## II. ANALYSIS

### A. Standard for Dismissal

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id.* The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face."

---

[1] In addition to the "misclassification" claim against Comsys, the Second Claim in the Complaint includes a claim against ILSS. In the portion of the Second Claim relating to ILSS, Plaintiffs allege that ILSS breached its contract with Plaintiffs by failing to disclose that the employees would be engaged in travel and "therefore subject to a 3% markup." *See* Complaint, ¶ 42. ILSS filed a Joinder [Doc. # 35], joining in Comsys's Motion to Dismiss. In the Joinder, ILSS addresses only the "misclassification" aspect of the Second Claim. As a result, the only issue before the Court is whether the "misclassification" portion of the Complaint – asserted only against Comsys – should be dismissed.

*See Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009). Regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

In considering a motion to dismiss, a court must ordinarily limit itself to the contents of the pleadings and attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). These are documents presumably whose authenticity no party questions.

### B.    "Misclassification Claim" Against Comsys

In the relevant portion of the Second Claim, Plaintiffs allege that "Comsys misclassified BMC employees as independent contractors." *See* Complaint, ¶ 30. Comsys seeks dismissal of the Second Claim against it because the Comsys Agreement, attached as an exhibit to the Complaint, provides that the employees whom Payrolling provided to BMC through Comsys were "W-2 employees" of Payrolling. The Court agrees. The Comsys Agreement provides clearly and unambiguously that the personnel supplied by Payrolling were "W-2 employees of Supplier [Payrolling]." *See* Comsys Agreement, ¶ 7(a).

Plaintiffs argue that Comsys was required under the Comsys Agreement to provide accurate information "such that SKE could apply the appropriate

classification" – either employee (entitled to W-2 for tax purposes) or independent contractor (entitled to 1099 for tax purposes).  The Comsys Agreement provides the proper classification and none other is contemplated under the parties' contract.  Because neither SKE nor Payrolling was required – or authorized – to classify the employees in any manner other than as W-2 employees of Payrolling, Comsys was not required under the Comsys Agreement to provide information on which Plaintiffs could base an alternative classification.

Plaintiffs argue also that Comsys was required to provide additional information because the Comsys Agreement provides that a purchase order for employees would "be completed in accordance with Comsys' instructions prior to the commencement of [Payrolling's] services."  *See* Response, p. 6 (quoting Comsys Agreement, ¶ 2).  This provision, setting forth the procedure for obtaining employees, does not require Comsys to provide information on which Plaintiffs could base a decision whether to classify those employees as W-2 entitled employees or independent contractors receiving a 1099.  This is clear because the Comsys Agreement provided specifically that the employees would be classified as W-2 employees of Payrolling.

Plaintiffs' "misclassification" claim against Comsys in the Second Claim of the Complaint is refuted by the Comsys Agreement.  As a result, the claim is subject to dismissal and any attempt to replead would be futile.

### III.  CONCLUSION AND ORDER

The Agreement between Payrolling and Comsys, attached to Plaintiffs' Complaint, forms the basis for the Second Claim.  Paragraph 7(a) of the Comsys Agreement provides clearly and unambiguously that the employees supplied by Plaintiaffs are "W-2 employees" of Payrolling – no other classification of the employees is contemplated under the Comsys Agreement.  Accordingly, Plaintiffs' breach of contract claim against Comsys based on the alleged failure of Comsys to provide information on which they could properly make classification decisions is refuted by the Comsys Agreement and is dismissed as against Comsys.  Therefore, it is hereby

**ORDERED** that the Motion to Dismiss [Doc. # 34] is **GRANTED** and Plaintiffs' Second Claim against Comsys is **DISMISSED**.

SIGNED at Houston, Texas, this 29th day of **March, 2012**.

_____
Nancy F. Atlas
United States District Judge